UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOUTHERN FIDELITY INSURANCE COMPANY     CIVIL ACTION

VERSUS     NO. 13-0496

JACQUELIN MARTIN     SECTION: "G"(2)

## ORDER

Before the Court is Plaintiff Southern Fidelity Insurance Company's ("SFIC") "Motion to Amend and Certify Order for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b).[1] In the pending motion, SFIC requests that the Court certify its December 17, 2013 Order and Reasons,[2] which denied SFIC's Motion for Summary Judgment, for interlocutory appeal. After considering the pending motion, the memorandum in support, the December 17, 2013 Order, and the applicable law, the motion is denied.

Title 28, United States Code, Section 1292(b) allows for interlocutory appeals when a district court finds that a non-final order "[1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation."[3] The availability of appeal under § 1292(b) does not "jeopardiz[e] the usual role of not permitting an appeal until all the proceedings on the trial court level are complete."[4] An interlocutory appeal is "exceptional" and "does not lie

---

[1] Rec. Doc. 51.

[2] Rec. Doc. 50.

[3] 28 U.S.C. 1292(b); *see also In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).

[4] 10 Charles Alan Wright et al., Fed. Prac. & Proc. § 2658.2 (3d ed.).

simply to determine the correctness of a judgment."[5] The decision whether to grant such a request is within the sound discretion of the trial court.[6]

SFIC asks the Court to certify the December 17, 2013 Order for appeal based on this issue: "whether a custodian of records has personal knowledge to establish business records pursuant to Rule 803 of the Federal Rules of Evidence."[7] Even if there were substantial ground for difference of opinion on this issue—which the Court believes there is not, this is not a controlling question of law and resolving the issue would not materially advance the ultimate termination of the litigation.

In its Order, the Court ruled that four exhibits could not serve as evidence in support of SFIC's Motion for Summary Judgment because they constituted inadmissible hearsay: (1) a letter from Donald J. Latuso, The Monson Law Firm, LLC, to Defendant Jacquelin Martin, dated April 5, 2013; (2) a letter from Matthew D. Monson, The Monson Law Firm, LLC, to Defendant Martin, dated April 16, 2013; (3) a letter from Matthew D. Monson, The Monson Law Firm, LLC, to Defendant Martin, dated April 23, 2013; and (4) a letter from Wade Hargrove, Southern Fidelity Insurance Company, to Defendant Martin, dated February 26, 2013.[8] With respect to the three letters from the Monson Law Firm to Martin, the Court explained that Anthony Hargrove, an employee of SFIC, could not attest to the requirements of the business records exception, Federal Rule of Evidence 803(6). *Additionally*, the Court also found that all four documents "appear to have been created in

---

[5] *Clark-Dietz & Assoc.-Eng'r, Inc. v. Basic Const. Co.*, 702 F.2d 67, 68 (5th Cir. 1983).

[6] *Swint v. Chambers Cnty Com'n*, 514 U.S. 35, 46 (1995) (explaining that in passing 28 U.S.C. § 1292, "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals").

[7] Rec. Doc. 51-1 at p. 3.

[8] Rec. Doc. 24-1, at pp. 8-10.

anticipation of litigation."[9] Hargrove's February 23 letter was labeled as a "Reservation of Rights," and specifically referenced settlement negotiations as well as SFIC's "defending any lawsuit arising out of the above captioned claim."[10] The three other letters were from a law firm representing SFIC and were written after SFIC filed its complaint against Martin, indicating that these documents were created with an eye toward litigation.[11] Pursuant to established Fifth Circuit and Supreme Court precedent, materials whose "primary utility" is for litigation are inadmissible under Rule 803(6).[12] Therefore, even if the issue proposed by SFIC were resolved in its favor, the documents would still be inadmissible hearsay, and an appeal would do nothing to advance this litigation. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Certify Order for Interlocutory Review[13] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 21st day of January, 2014.

NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE

---

[9] Rec. Doc. 50 at p. 26.

[10] Letter from Wade Hargrove, SFIC, to Jacquelin Martin (Feb. 26, 2013), Rec. Doc. 22-3 at pp. 78-79.

[11] Letter from Donald J. Latuso, The Monson Law Firm, LLC, to Jacquelin Martin (Apr. 5, 2013), Rec. Doc. 22-3 at p. 74; Letter from Matthew D. Monson, The Monson Law Firm, LLC, to Jacquelin Martin (Apr. 16, 2013), Rec. Doc. 22-3 at p. 75; Letter from Matthew D. Monson, The Monson Law Firm, LLC, to Jacquelin Martin (Apr. 25, 2013), Rec. Doc. 22-3 at pp. 76-77; *see also See* Aff. of Anthony Hargrove (July 16, 2013), Rec. Doc. 22-3 at pp. 1-3.

[12] *See*, Broadcast *Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233. 238–39 (5th Cir. 1988); *see also, e.g.*, *Palmer v. Hoffman*, 318 U.S. 109, 113 (1943).

[13] Rec. Doc. 51.